# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

GORDON G. STORMS,

                  Plaintiff,

v.                                           Case No:  6:14-cv-222-Orl-41GJK

COMMISSIONER OF SOCIAL
SECURITY,

                  Defendant.

## REPORT AND RECOMMENDATION

This cause came on for consideration without oral argument on the following motion filed

herein:

| | |
|---|---|
| **MOTION:** | **PLAINTIFF'S UNCONTESTED PETITION FOR ATTORNEY'S FEES (Doc. No. 25)** |
| **FILED:** | **April 16, 2015** |

**THEREON** it is **RECOMMENDED** that the motion be **GRANTED IN PART AND DENIED IN PART**.

On February 23, 2015, a judgment was entered reversing and remanding this case to the

Commissioner of Social Security (hereafter "Commissioner") for further proceedings pursuant to

sentence four of 42 U.S.C. § 405(g).  Doc. No. 24.  Plaintiff now moves for an award of attorneys'

fees pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d) (hereafter "EAJA") (the

"Motion").  Doc. No. 25.  In the Motion, Plaintiff requests the Court award attorney's fees in the

amount of $3,363.61.  Doc. No. 25.

In the Motion and attached time sheet, counsel for Plaintiff, Richard A. Culbertson, Esq.,

states that he, another attorney, Sarah Fay, Esq., and a paralegal, Michael Culbertson, performed the following work:

| Attorney | Year | Hourly Rate | Time | Total |
|---|---|---|---|---|
| Richard A. Culbertson, Esq. | 2014-2015 | $190.06 | 3.0 | $570.18 |
| Sarah Fay, Esq. | 2014-2015 | $190.06 | 7.2 | $,1368.43 |
| Michael Culbertson | 2014 | $75.00 | 19.0 | $1,425.00 |
| **Total** | | | | **$3,363.61** |

Doc. No. 25 at 2, 8, 12-14.  In the Motion, counsel states that the hourly rates requested do not exceed the statutory cap adjusted for inflation.  Doc. No. 25 at 10.  Counsel states that the Commissioner has agreed that if Plaintiff does not owe a debt to the Government, the Government will pay EAJA fees directly to counsel pursuant to Plaintiff's assignment of benefits (Doc. No. 25-1).  Doc. No. 25 at 2-3.  Plaintiff complied with Local Rule 3.0(1)(g) and certifies that the Commissioner does not object to the amount of fees requested.  Doc. No. 25 at 3.

In *Astrue v. Ratliff*, 130 S.Ct. 2521, 2524-30 (2010), the United States Supreme Court held that EAJA fees are awarded to the "prevailing party" or the litigant rather than to the litigant's attorney.  The Supreme Court noted, however, that nothing in the statute or its holding affects the prevailing party's contractual right to assign his or her right to receive the fee to an attorney, analogizing to those cases interpreting and applying 42 U.S.C. § 1988 where the Court has held a prevailing party has the right to waive, settle, negotiate, or assign his or her entitlement to attorneys' fees.  *Id*. at 2528-29.  An assignment, however, must comply with the requirements in 31 U.S.C. § 3727(b) to be valid.  *See Farm Bureau Mut. Ins. Co. v. United States*, 5 Cl. Ct. 142, 145 (Cl. Ct. 1984).

Section 3727(b), provides that:

> <u>An assignment may be made only after a claim is allowed, the amount of the claim is decided, and a warrant for payment of the claim has been issued</u>. The assignment shall specify the warrant, must be made freely, and must be attested to by 2 witnesses. The person making the assignment shall acknowledge it before an official who may acknowledge a deed, and the official shall certify the assignment. The certificate shall state that the official completely explained the assignment when it was acknowledged. An assignment under this subsection is valid for any purpose.

31 U.S.C. § 3727(b) (emphasis added). Thus, any assignment of EAJA fees which predates an award and determination of the amount of fees is voidable. *See Delmarva Power & Light Co. v. United States,* 542 F.3d 889, 893 (Fed. Cir. 2008); *Young v. Astrue*, 2011 WL 1196054, at *3-4 (M.D. Ga. Feb. 24, 2011).

In the Motion, Plaintiff requests an award of attorneys' fees.  Doc. No. 25 at 3.  In compliance with *Ratliff*, it is recommended that the Court award EAJA fees to the Plaintiff as the prevailing party.

Accordingly, it is **RECOMMENDED** that:

1.  The Motion be **GRANTED in part** (Doc. No. 25);

2.  The Court award attorneys' fees to Plaintiff in the amount of $3,363.61; and

3.  Otherwise, **DENY** the Motion.[1]

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal. **If the parties have no objection to this Report and Recommendation, they may promptly file a joint notice of no objection**.

---

[1] The United States Department of the Treasury (the "Department") may exercise its discretion to honor the Plaintiff's assignment of benefits if it determines that the Plaintiff does not owe a debt to the Government.  However, the undersigned is not recommending that the Court order the Department to honor it.

Recommended in Orlando, Florida on June 5, 2015.

_____
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy